[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12397
Plaintiff Andrew Machnicz appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license for six months. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested for driving under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
In support of his appeal, the plaintiff contends that the administrative hearing officer wrongly admitted in evidence at the hearing the reports of the police officer who arrested the plaintiff on the drunk driving charge. Specifically, he claims (1) that the police officer did not properly complete the A-44 report form; and (2) there is insufficient indication that the plaintiff's alleged refusal of the test was witnessed by a third person as required by the statute.
With regard to the first claim, the plaintiff points out that the police officer did not check the blocks on the A-44 form concerning the type of test requested by the officer and the attachment of supplemental pages to the report. These arguments may not be sustained.
General Statutes § 14-227b(c) and Regs. Conn. State Agencies § 14-227b-19 permit the admission of the police report on a form approved by the motor vehicle department. The department has approved the A-44 form. That form provides in the instructions to the reporting officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." The statute, the regulation and the text of the approved A-44 form itself, therefore, contemplate the introduction in evidence of the police officer's A-44 report and the narrative supplement concerning the drunk CT Page 12398 driving arrest. Although these provisions do not establish irrebuttably that any papers attached to the A-44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the papers' authenticity.
In addition to the A-44 form in this case, the police officer furnished a seven and one-half page narrative report. Both the narrative report and the A-44 report were signed by the officer under penalty against false statement and under oath administered by another officer pursuant to General Statutes § 1-24. There is no question that the narrative report concerns the same incident as that related in the A-44 report. The narrative report is commendably thorough and detailed. Among other details of the arrest procedure, the narrative report clearly states that the police officer requested that the plaintiff submit to a test of his breath on the intoximeter machine.
Finally, with regard to the admission of the police officer's A-44 and narrative supplement, the court notes that it is consistent with the general standard of admissibility in administrative proceedings. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33
(1987). Both those criteria are satisfied in this case.
In light of the principles summarized above, the court concludes that the failure of the police officer to check the two blocks on the A-44 form did not significantly affect the admissibility of the form or the narrative supplement. The hearing officer did not commit an error of law or an abuse of discretion in admitting the reports. Of course, the hearing officer could consider the omissions in determining what weight to give the evidence, but this court cannot second-guess the administrative factfinding in that regard. General Statutes § 4-183(j). CT Page 12399
The plaintiff's second claim is that the hearing officer wrongly admitted the A-44 form as evidence of the plaintiff's refusal to be tested because the form is not properly witnessed. In this regard, General Statutes §14-227b(c) requires that "the report shall be endorsed by a third person who witnessed such refusal." See alsoVolck v. Muzio, 204 Conn. 507, 516-517 (1987), cited by the plaintiff.
In the present case, the space for endorsement by a third person witness contains two signatures, that of officer Kimball, who arrested the plaintiff, and that of officer Samide. In his narrative report, officer Kimball states that officer Samide met Kimball and the plaintiff at the West Haven police headquarters and assisted Kimball throughout the processing of the plaintiff's case. Under these circumstances, the court concludes that the hearing officer could find sufficient compliance with the statute so as to admit the report as evidence of the plaintiff's refusal to be tested. The court also notes that the narrative report clearly and unequivocally states that the plaintiff refused to be tested.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988). In the present case, the court finds no abuse of discretion or other error on the part of the administrative hearing officer. The decision must, therefore be affirmed.
The appeal is dismissed.
MALONEY, J. CT Page 12400